See also, 508 N.E.2d 1119.

**UNITED STATES of America ex rel.
Michael GERRIOR, Petitioner,**

v.

**Michael P. LANE, et al., Respondents.**

**No. 88 C 1490.**

United States District Court,
N.D. Illinois, E.D.

Sept. 14, 1988.

Michael Gerrior, pro se.

Neil F. Hartigan, Atty. Gen. State of Ill. by Sally L. Dilgart, Asst. Atty. Gen., Chicago, Ill., for respondents.

## ORDER

BUA, District Judge.

Petitioner Michael Gerrior filed with this court a Petition For Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from the state court judgment entered by the Eighteenth Judicial Circuit Court in DuPage County, Illinois. The Circuit Court jury found petitioner guilty of robbery of a Hostess Thrift Store in Downers Grove, Illinois, and the court sentenced petitioner to a seven-year term of imprisonment which he currently is serving. Respondents have filed a motion to deny the petition. For the reasons stated herein, the petition is denied.

Petitioner asserts three separate grounds in support of the issuance of the writ. First, petitioner claims that the trial court erred in refusing petitioner's tendered jury instruction on the defense of involuntary intoxication. Petitioner maintains that there was a sufficient evidentiary basis which warranted such an instruction.

■ In order to constitute adequate grounds for issuance of a writ of habeas corpus, petitioner's argument must be based on a violation of the Constitution or laws of the United States. 28 U.S.C. § 2254. *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir.1986). Generally, instructions to the jury in state trials are matters of state law and procedure which do not involve constitutional issues or federal law. *United States ex rel. Waters v. Bensinger*, 507 F.2d 103, 105 (7th Cir.1974). However, improper jury instruction may be adequate grounds for issuance of a writ of habeas corpus where the instruction violates defendant's Fourteenth Amendment right to due process of law. *Cole v. Young*, 817 F.2d 412, 424 (7th Cir.1987). To establish a due process violation resulting from improper jury instruction, petitioner must show more than "merely that the instruction was undesirable, erroneous, or even universally condemned." *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Where it is the omission of an instruction that is at issue, petitioner's burden is "especially heavy" because an omission is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbe*, 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977); *United States ex rel. Peery v. Sielaff*, 615 F.2d 402, 404 (7th Cir.1979), *cert. denied*, 446 U.S. 940, 100 S.Ct. 2163, 64 L.Ed.2d 794 (1980). Petitioner must demonstrate "an omission inconsistent with the rudimentary demands of fair procedure" which results in a complete miscarriage of justice. *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *U.S. ex rel. Peery, supra*, 615 F.2d at 404.

■ Here, petitioner cannot meet his burden. Petitioner contends that there was evidence that his intoxication was "involuntary" within the meaning of the Illinois Criminal Code, Ill.Rev.Stat. ch. 38, par. 6–3(b) (1985), because it was induced in part by his ingestion of prescribed medication to relieve physical pain from which he had been suffering. Petitioner maintains that his intoxication was involuntary even though it resulted from his intentional ingestion of the medication coupled with his intentional ingestion of two pints of vodka.

Under Illinois criminal law, however, the defense of involuntary intoxication is available only where defendant produces some evidence that an *outside* influence operated upon his will to force, trick, or fraudulently induce defendant's intoxication. *People v. Larry*, 144 Ill.App.3d 669, 678, 98 Ill.Dec. 885, 892–93, 494 N.E.2d 1212, 1219–20 (1986); *People v. Walker*, 33 Ill.App.3d 681, 687–88, 338 N.E.2d 449, 454 (1975). Petitioner's claim that his physical pain was somehow an "external" force which involuntarily caused his intoxication simply does not comport with Illinois law. *See Larry, supra; Walker, supra.* Therefore, the trial court did not deny petitioner due process of law when it refused his tendered jury instruction on involuntary intoxication.

■ Petitioner's second argument in support of his petition, that he was deprived of his constitutional right to effective assistance of counsel, also is without merit. Petitioner argues that defense counsel presented an inadequate and confusing defense by pursuing allegedly meritless insanity and voluntary intoxication defenses and by failing to properly prepare and present an involuntary intoxication defense.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-prong test which a convicted defendant's ineffective assistance of counsel claim must satisfy to succeed. First, the defendant must show that counsel's performance was below that of "a reasonably competent attorney" and not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 687, 104 S.Ct. at 2064. Second, defendant must show that counsel's deficient performance was prejudicial to defendant in that counsel's errors were so serious as to deprive defendant of a fair trial. *Id.* Defendant must show that but for counsel's errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

Here, petitioner cannot meet either prong of the test. Defense counsel's choice of defense strategy was clearly within the scope of his professional judg-

ment, and there is a strong presumption that counsel's decision falls within the range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Due to a lack of evidentiary basis to support the defense of involuntary intoxication, counsel's decision to employ other defense theories does not amount to ineffective assistance of counsel. Moreover, even assuming that defense counsel should have more vigorously advocated an involuntary intoxication defense to the exclusion of other defense theories, the outcome of the trial would not have been different. Because the involuntary intoxication defense had no evidentiary basis and because the trial court refused an instruction on that defense, counsel's vigorous arguments in support of that defense would not have affected the outcome of the trial. Therefore, petitioner was not prejudiced by his counsel's performance.

■ Petitioner's final argument urging this court to issue a writ of habeas corpus is that the trial court erred in giving the State's jury instruction No. 8, Illinois Pattern Jury Instruction (IPI) Criminal No. 3.06–3.07 (2d ed. 1981), relating to statements by the defendant. The instruction read as follows:

> You have before you evidence that the defendant made a statement relating to the offense charged in the indictment. It is for you to determine whether the defendant made the statement, and, if so what weight should be given to the statement. In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made.

During petitioner's trial, a state's witness testified that immediately after the robbery of the Hostess Thrift Store, petitioner stated, "I have done a bad thing." The trial judge ordered the jury to disregard this testimony and ordered the testimony stricken from the record because such evidence had not been disclosed during discovery to defendant. Petitioner claims that State's instruction No. 8 was improper because the only "statement" to which the instruction refers is defendant's

528

statement that he had "done a bad thing." Petitioner maintains that since the statement was stricken from the record there was no basis for giving this instruction.

However, respondents correctly point out that there was a sufficient basis for the instruction. The trial record shows that there was sufficient evidence that petitioner gave a statement to police relating to the crime with which he was charged. Instruction No. 8 therefore was proper in that it instructed the jury to consider petitioner's statement to police, not petitioner's statement that he had "done a bad thing." In fact, the judge clearly ordered the jury not to consider the latter statement—both during the trial and in his instructions to the jury. State's Instruction No. 1, I.P.I. Criminal No. 1.01, submitted to the jury at the close of the trial, stated:

> You should disregard testimony ... which the court has refused or stricken. The evidence which you should consider consists only of the testimony of the witnesses ... which the court has received.

Therefore, petitioner's argument that the jury was instructed improperly is without merit.

For the foregoing reasons, petitioner's grounds in support of his Petition For a Writ of Habeas Corpus are insufficient. Accordingly, respondents' motion to deny the petition is granted.

IT IS SO ORDERED.